LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

14 CV 2847

JUDGE SULLIVAN



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LEONEL GARCIA, CLEOTIDE "CARLOS" ZUÑIGA
and RUFINO ZUÑIGA,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class,*

                    Plaintiffs,

        v.

MATRAT LLC d/b/a GUY & GALLARD, SHAYAN
HOLDING CORP. d/b/a GUY & GALLARD, JOHN DOE
CORPS 1-8, TAREQ AHMED and JOHN DOES 1-10,

        Defendants.

---

Case No:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

---

Plaintiffs, LEONEL GARCIA, CLEOTIDE "CARLOS" ZUÑIGA and RUFINO ZUÑIGA

("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

undersigned attorneys, hereby file this Class and Collective Action Complaint against

Defendants, MATRAT LLC d/b/a GUY & GALLARD (the "Parent Corporate Defendant"),

SHAYAN HOLDING CORP. d/b/a GUY & GALLARD, JOHN DOE CORPS 1-8 (together the

"Subsidiary Corporate Defendants," and collectively with the Parent Corporate Defendant, the

"Corporate Defendants"), TAREQ AHMED and JOHN DOES 1-10 (together the "Individual

Defendants," and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) compensation for tips illegally retained by management and Defendants' illegal tip-pooling scheme, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) compensation for tips illegally retained by management and Defendants' illegal tip-pooling scheme, (4) compensation for unpaid spread-of-hours premiums, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     (a) Plaintiff, LEONEL GARCIA, for all relevant time periods, was a resident of Kings County, New York.

(b) Plaintiff, CLEOTIDE "CARLOS" ZUÑIGA, for all relevant time periods, was a resident of Kings County, New York.

(c) Plaintiff, RUFINO ZUÑIGA, for all relevant time periods, was a resident of Kings County, New York.

6.    Corporate Defendants:

(a) MATRAT LLC d/b/a GUY & GALLARD is a limited liability company organized under the laws of the State of New York with an address for service of process located at 245 West 38th Street, New York, New York 10018. MATRAT LLC d/b/a GUY & GALLARD owns each of the Subsidiary Corporate Defendants;

(b) SHAYAN HOLDING CORP. d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business located at 180 Madison Avenue, New York, New York 10016, and an address for service of process at c/o Robert J. Gemenick, Esq., 160 Broadway, Room 1100, New York, New York 10038. SHAYAN HOLDING CORP. is owned by the Parent Corporate Defendant;

(c) JOHN DOE CORP. 1 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 240 West 40th Street, New York, New York 10018. JOHN DOE CORP. 1 is owned by the Parent Corporate Defendant;

(d) JOHN DOE CORP. 2 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 1001 6th Avenue, New York, New York 10016. JOHN DOE CORP. 2 is owned by the Parent Corporate Defendant;

(e) JOHN DOE CORP. 3 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of

process located at 120 E. 34th Street, New York, New York 10016. JOHN DOE CORP. 3 is owned by the Parent Corporate Defendant;

(f)   JOHN DOE CORP. 4 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 245 West 38th Street, New York, New York 10018. JOHN DOE CORP. 4 is owned by the Parent Corporate Defendant;

(g)   JOHN DOE CORP. 5 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 339 7th Avenue, New York, New York 10001. JOHN DOE CORP. 5 is owned by the Parent Corporate Defendant;

(h)   JOHN DOE CORP. 6 d/b/a GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 470 Park Avenue, New York, New York 10022. JOHN DOE CORP. 6 is owned by the Parent Corporate Defendant;

(i)   JOHN DOE CORP. 7 d/b/a CAFÉ GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 459 Park Avenue, New York, New York 10016. JOHN DOE CORP. 7 is owned by the Parent Corporate Defendant; and

(j)   JOHN DOE CORP. 8 d/b/a CAFÉ GUY & GALLARD is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 333 7th Avenue, New York, New York 10001. JOHN DOE CORP. 8 is owned by the Parent Corporate Defendant.

7.    Individual Defendants:

(a) TAREQ AHMED is the Chairman and Chief Executive Officer of all Corporate Defendants. TAREQ AHMED exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to TAREQ AHMED directly regarding any of the terms of their employment, and TAREQ AHMED would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  TAREQ AHMED regularly visits each of the Guy & Gallard Restaurants and he directly reprimands any employee who does not perform his duties correctly.

TAREQ AHMED additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. TAREQ AHMED exercises functional control over the business and financial operations of all Corporate Defendants.  He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Guy & Gallard Restaurants are operating efficiently and profitably.

(b) Each of the Individual Defendants, JOHN DOES 1-10, is a principal of the Corporate Defendants. They each exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. They each exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv)

otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.  They also each exercised the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

8.    The Defendants operate a restaurant enterprise using the common trade name "Guy & Gallard."  There are nine locations of Guy & Gallard restaurants, along with a website for corporate catering ("Online Catering Site"), with locations as follows:

(a) 240 West 40th Street, New York, NY 10018 ("Guy & Gallard 40th");

(b) 1001 6th Avenue, New York, NY 10018 ("Guy & Gallard 6th Ave");

(c) 120 East 34th Street, New York, NY 10016 ("Guy & Gallard 34th Lexington");

(d) 245 West 38th Street, New York, NY 10018 ("Guy & Gallard West 38th");

(e) 180 Madison Avenue, New York, NY 10016 ("Guy & Gallard 180 Madison");

(f) 339 7th Avenue, New York, NY 10001 ("Guy & Gallard 339 7th");

(g) 470 Park Avenue, New York, NY 10022 ("Guy & Gallard 470 Park South");

(h) 459 Park Avenue, New York, NY 10016 ("Café Guy & Gallard 459"); and

(i) 333 7th Avenue, New York, NY 10001 ("Café Guy & Gallard 333 7th");

and together with the Online Catering Site, the "Guy & Gallard Restaurants."

9.    The Guy & Gallard Restaurants operate as a single integrated enterprise. Specifically, the Guy & Gallard Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Guy & Gallard Restaurants are commonly owned by the Individual Defendants. The Guy & Gallard Restaurants share a common logo, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website, http://guyandgallard.com *(See Exhibit 1)*. They are also advertised jointly on the Guy & Gallard Facebook page (http://www.facebook.com/guyandgallard/info) *(See Exhibit 2)* and

Twitter Page (http://www.twitter.com/GuyGallard) *(See Exhibit 3)*. Customers of Guy & Gallard can become members of a Loyalty Rewards Program, in which they receive points for any purchase made "at any Guy & Gallard location." Such Rewards Points can be redeemed and are "good at any one of our convenient Manhattan locations" *(See Exhibit 4)*. Gift cards can also be purchased online and "are redeemable at any of our online stores" *(See Exhibit 5)*. The Guy & Gallard Restaurants also use one common e-mail, info@guyandgallard.com. Merchandise and employees are interchangeable amongst the Guy & Gallard Restaurants.

10.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.   At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.   At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated

herein are essentially the same as those of the other FLSA Collective Plaintiffs.   With respect to all FLSA Collective Plaintiffs and Class members who were tipped employees comprised of delivery workers ("Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants further instituted an illegal tip-pooling scheme in which the members of the Tipped Subclass were obligated to share their tips with non-tipped employees, and in which management illegally retained a portion of the tips.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery workers ("Tipped Subclass") who also number more than forty (40). Plaintiffs CLEOTIDE "CARLOS" ZUÑIGA and LEONEL GARCIA are members of both the Class and Tipped Subclass.

18.    Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e)  Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f)  Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g)  Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

h)  Whether Defendants required members of the Tipped Subclass to perform non-tipped work for more than 20% of their work day;

i) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

j) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

k) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

l) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

m) Whether Defendants improperly withheld tips from Tipped Subclass members through an invalid tip-pooling scheme; and

n) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## **STATEMENT OF FACTS**

23. Plaintiff, Leonel Garcia:

(a) In or around January 2005, Plaintiff LEONEL GARCIA was hired by Defendants to work for the Guy & Gallard West 38th location. In or about 2010, he was transferred to work at the Guy & Gallard 240 West 40th and Guy & Gallard 180 Madison locations simultaneously. Plaintiff LEONEL GARCIA is currently employed by Defendants.

(b) Throughout his entire employment, Plaintiff LEONEL GARCIA has worked as a delivery person and food preparer. From in or about 2008 until the present, his regular work schedule has been 5:00 a.m. to 5:00 p.m. for 5 days per week. From 2008 until November 2013, he was paid a base hourly rate of $6.50. From November 2013 until the present, Plaintiff has been

paid a base hourly rate of $7.25 for all hours worked, including all hours worked over 40 in a workweek.

(c) Throughout his entire employment, Plaintiff LEONEL GARCIA has been paid in cash and has not been given any form of wage statement.

24.   Plaintiff, Cleotide "Carlos" Zuñiga:

(a) In or around September 2009, Plaintiff CLEOTIDE "CARLOS" ZUÑIGA was hired by Defendants to work for the Guy & Gallard 180 Madison location. Throughout his employment, he was also sent to work periodically at the Guy & Gallard 34th Lexington and Guy & Gallard 40th locations. Plaintiff CLEOTIDE "CARLOS" ZUÑIGA is currently employed by Defendants.

(b) Throughout his entire employment, Plaintiff CLEOTIDE "CARLOS" ZUÑIGA has worked as a delivery person and cleaning person. His regular work schedule has been Mondays through Fridays, 6:00 a.m. to 7:00 p.m. Throughout his entire employment, he has been paid a base hourly rate of $5.00 for all hours worked, including all hours worked over 40 in a workweek.

(c) Throughout his entire employment, Plaintiff CLEOTIDE "CARLOS" ZUÑIGA has been paid in cash and has not been given any form of wage statement.

25.   Plaintiff, Rufino Zuñiga:

(a) In or around March 2004, Plaintiff RUFINO ZUÑIGA was hired by Defendants to work for the Guy & Gallard 180 Madison location. Throughout his employment, he was sent periodically to work at the Guy & Gallard 34th Lexington location. Plaintiff RUFINO ZUÑIGA is currently employed by Defendants.

(b) Plaintiff RUFINO ZUÑIGA worked as a delivery person until 2006. From 2006 until the present, he has worked as a cleaning person and food preparer. From 2008 until the present, his regular work schedule has been Mondays through Wednesdays, 4:30 a.m. to 7:30 p.m. and Thursdays through Fridays, 4:30 a.m. to 5:00 p.m. From 2008 until 2010, he was paid a base hourly rate of $7.00. From 2011 until 2012, he was paid a base hourly rate of $8.00. From January 2013 until the present, he has been paid a base hourly rate of $9.00 for all hours worked, including all hours worked over 40 in a workweek.

(c) Throughout his entire employment, Plaintiff RUFINO ZUÑIGA has been paid in cash and has not been given any form of wage statement.

26.   At all relevant times, Defendants paid FLSA Collective Plaintiffs and Class members at hourly rates below the standard minimum wage.

27.   Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

28.   Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

29.   Plaintiffs and Tipped Subclass members were required by management to participate in an invalid "tip pooling" scheme in respect to all catering orders. Delivery workers were required to carry out not only simple take-out orders, but also special corporate catering orders, in which Plaintiffs and members of the Tipped Subclass were required to set up the tables and displays of food for their clients. The tips received for such catering orders were distributed amongst all employees, including non-tipped employees, and management. Plaintiffs and

members of the Tipped Subclass were never informed of their tip allocation percentage for such orders. At all times, the tip-pooling scheme was controlled by Defendants, and not agreed to by tipped employees. This allowed Defendants to illegally retain a portion of the tips received.

30.   Plaintiffs and Tipped Subclass did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation.   They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

31.   Plaintiffs and Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities such as cleaning the restaurant, preparing food, washing dishes, stocking food items and other non-tip related activities.   Such activities were unrelated to their primary duties as a delivery person.

32.   Defendants unlawfully failed to pay Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass the Federal and State minimum wage for all hours worked.

33.   Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half)  for hours they worked over 40 in a workweek.

34.   Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass, and also failed to keep the proper employment records required under the FLSA and NYLL.

35.   Defendants paid Plaintiffs, LEONEL GARCIA and CLEOTIDE "CARLOS" ZUÑIGA, and the Tipped Subclass, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages.   Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped

15

employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL, (iv) failed to track the amount of tips received daily in violation of NYLL, and (v) instituted an invalid tip-pooling scheme in violation of FLSA and NYLL.

36.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or wage statements as required by NYLL. In fact, Defendants paid Class members, including Plaintiffs, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period.

37.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

38.    Plaintiffs reallege and reaver Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are

covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40.   At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.   At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

42.   At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

43.   At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

44.   At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which management retained a portion of the tips.

45.   Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.   Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

49.   Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS</u>

50.   Plaintiffs reallege and reaver Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51.   At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53.   Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

54.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.  As factually described above,

Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

55.   Defendants willfully violated Plaintiffs' and the Tip Subclass members' rights by instituting an illegal tip-pooling scheme in which Tipped Subclass members were required to share tips with non-tipped employees and management. In doing so, Defendants willfully deprived Plaintiffs and FLSA Collective Plaintiffs of their lawfully earned wages.

56.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

57.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

58.   Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

59.   Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, damages representing disgorgement of illegally retained tips, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.      An award of unpaid spread of hours premium due under the New York Labor Law;

f.      An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

i.      An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.      An award representing compensation for tips illegally retained by Defendants;

k.      Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.      Designation of this action as a class action pursuant to F.R.C.P. 23;

m.      Designation of Plaintiffs as Representatives of Class; and

n.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 22, 2014

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
      C.K. Lee (CL 4086)

Exhibit 1

# GUY & GALLARD

Wednesday, March 19, 2014

## PURVEYORS OF SPECIALTY FOODS AND COFFEES

ABOUT US | LOCATIONS | CATERING | CORPORATE ACCOUNTS | GIFT CARDS | PHOTO GALLERY | REWARDS | CONTACT

**ORDER ONLINE**



## Dear Customers:

Welcome to Guy and Gallard's new online ordering site. We believe this new site will make your online experience easier and more pleasurable to use, and look forward to serving you better as a result.

The first time you visit, you'll be asked to re-establish an account with the store you order from most frequently. We realize this will take an extra step, and are offering a one-time 15% discount off your first order as a way of saying "thank you" for your patronage.

### Use coupon code 15OFF at web checkout and get 15% off your first order on our new site!

After that, you'll continue to receive an automatic 10% discount on every online order you place with us. As always, we appreciate both your business as well as your feedback. We hope you enjoy our new site and will continue to improve it in any areas we feel we can serve you better.



**JOIN US FOR**
★ MEMBERSHIP POINTS ★
*AND GET...*

GUY & GALLARD
**$5 Off**
ON EVERY 50 POINTS

★ JUST TEXT POINTS TO ★
**917.688.4999**

### Online Catering Site
*Click here to place online catering orders for functions and events* 

### Like Us on Facebook
*Bcome a Facebook fan and keep up with all the latest news and info* 

### Follow Us on Twitter
*Follow us on Twitter and stay in the social loop* 

© Guy and Gallard • All Rights Reserved

3/19/2014 12:55 PM

# GUY & GALLARD
## PURVEYORS OF SPECIALTY FOODS AND COFFEES

Wednesday, March 19, 2014

HOME | ABOUT US | LOCATIONS | CATERING | CORPORATE | GIFT CARDS | PHOTO GALLERY | REWARDS | CONTACT

ORDER ONLINE

## About Guy and Gallard

### Welcome to Manhattan's favorite fast casual restaurants, where the food is paramount and our customers come first!



It's what's inside that counts, with people and with food. And we all know that wholesome, fresh food tastes best. At Guy & Gallard we serve specialty foods and coffees that are free from synthetic fertilizers, pesticides and other additives.

Our philosophy is to serve our customers the best and more nutritious food possible. Our food is a tremendous value. You would think you were eating something much more expensive. The selection is impressive too — there are always fish dishes, chicken or pasta options available, as well as several fresh vegetables in addition to the standard soups, sandwiches, and salads. Service is prompt, friendly, and accommodating.

We're committed to serving you the best, healthiest and most natural foods available. So order on line or visit one our our 11 convenient Midtown Manhattan locations today!

© Guy and Gallard • All Rights Reserved

3/19/2014 12:55 PM

# GUY & GALLARD
## PURVEYORS OF SPECIALTY FOODS AND COFFEES

Wednesday, March 19, 2014

HOME | ABOUT US | LOCATIONS | CATERING | CORPORATE | GIFT CARDS | PHOTO GALLERY | REWARDS | CONTACT

**ORDER ONLINE**

# Locations

Click on any of the locations below to take you to our online ordering store:

    

    

## Here's what our customers have to say:

"Excellent customer service. The French Toast was awesome!"

"This place was such a fantastic brunch find!!!"

"Love Cafe Guy & Gallard for their fresh food. My faves are the Classic Chicken Salad and Smoked Turkey Sandwiches and Spiced Chai."

"Such a nice change of pace compared to its counterparts around the city!"

"I come here all the time and can't live without it. Best coffee in the neighborhood and best staff around, too."

© Guy and Gallard • All Rights Reserved

Exhibit 2

Email or Phone

☐ Keep me logged in

Password

Forgot you

 **Guy & Gallard** **About**



240 West 40th Street
New York, New York 10018

Today 7:00 am - 9:00 pm

Phone     (212) 302-1028
Email     info@GuyandGallard.com
Website   http://guyandgallardwest40th-hub.com

© 2014 Microsoft Corporation © 2013 Nokia

## Basic Info

| | |
|---|---|
| **Opened** | 1991 |
| **Food Styles** | American (Traditional) |
| | Burgers |
| | Delis |
| | Sandwiches |
| **Hours** | Mon - Sat:  7:00 am - 9:00 pm |
| **Specialties** | Breakfast |
| | Lunch |
| | Coffee |
| **Services** | Walk-Ins Welcome |
| | Take Out |
| | Delivery |
| **Payment Options** | Visa |
| | American Express |
| | Mastercard |

## Life Events

1991   ⚐ Opened in 1991

## Also On

▣ Foursquare
✳ Yelp
◉◉ TripAdvisor

## About

Purveyors of Specialty Foods and Coffees with convenient online ordering for pickup and delivery throughout Midtown Manhattan.

### Description

Welcome to Manhattan's favorite fast casual restaurants, where the food is paramount and our customers come first!

It's what's inside that counts, with people and with food. And we all know that wholesome, fresh food tastes best. At Guy & Gallard we serve specialty foods and coffees that are free from synthetic fertilizers, pesticides and other additives.

Our philosophy is to serve our customers
the best and more nutritious food possible. Our food is a tremendous value. You would think you were eating something much more expensive. The selection is impressive too — there are always fish dishes, chicken or pasta options available, as well as several fresh vegetables in addition to the standard soups, sandwiches, and salads. Service is prompt, friendly, and accommodating.

We're committed to serving you the best, healthiest and most natural foods available. So order on line or visit one of our 9 convenient Manhattan locations today!

Find Friends     Badges          People          Pages           Places          Apps            Games           Music
Create Ad        Create Page     Developers      Careers         Privacy         Cookies         Terms           Help

ook © 2014 · English (US)

3/21/2014 2:34 PM

Exhibit 3

Have an account? Sign in ▾

# Guy & Gallard

**@GuyGallard**

Purveyors of Specialty Foods and Coffees with convenient online ordering for pickup and delivery throughout Midtown Manhattan

New York, NY · GuyandGallard.com

| TWEETS | FOLLOWING | FOLLOWERS |
|---|---|---|
| 301 | 118 | 33 |

+🔔 **Follow**

## Tweets

**Guy & Gallard** @GuyGallard · 5m
@BabysittingMen Can't blame you for that one. How long are you lunches??
← Reply  ↻ Retweet  ★ Favorite  ••• More
▾ View conversation

**Guy & Gallard** @GuyGallard · 4h
@matthiasclock We'll see what we can do. ;)
← Reply  ↻ Retweet  ★ Favorite  ••• More
▾ View conversation

**Guy & Gallard** @GuyGallard · 4h
@MaNueL_361 The stronger the better! We like it.
← Reply  ↻ Retweet  ★ Favorite  ••• More
▾ View conversation

## Tweets
- Following
- Followers
- Favorites
- Lists

### Follow Guy & Gallard

Full name

Email

Password

**Sign up**

### Photos and videos

1 of 1

Exhibit 4

# GUY & GALLARD

## PURVEYORS OF SPECIALTY FOODS AND COFFEES

Wednesday, March 19, 2014

HOME | ABOUT US | LOCATIONS | CATERING | CORPORATE | GIFT CARDS | PHOTO GALLERY | REWARDS | CONTACT

**ORDER ONLINE**

# Loyalty Rewards Program

## How it Works

Just sign up using your mobile phone and you'll be sent a text message (or a phone call) to confirm your account.

Every time you make an in-store purchase at any Guy & Gallard location, you'll accumulate Rewards Points which can be redeemed on future orders. You earn points by tracking your orders – instructions are provided on every receipt.

You won't need to remember a card or a membership number, and you can log in below at any time to view your points balance. Rewards points cannot be combined with any other offer or discount, and are good at any one of our convenient Manhattan locations.

Sign up now and start earning points! It's that easy.

## Guy & Gallard Points

See your **Guy & Gallard** points balance,
available rewards, and more.

### Enter Phone Number

Go

© Guy and Gallard • All Rights Reserved

Exhibit 5

# GUY & GALLARD

## PURVEYORS OF SPECIALTY FOODS AND COFFEES

Wednesday, March 19, 2014

HOME | ABOUT US | LOCATIONS | CATERING | CORPORATE | GIFT CARDS | PHOTO GALLERY | REWARDS | CONTACT

**ORDER ONLINE**

## Guy and Gallard Gift Cards

### Show someone you care with a Gift Card from Guy & Gallard



Guy & Gallard is pleased to provide gift cards for our customers who want to show their appreciation to friends, family or co-workers with the thoughtful gift of great food.

Gift cards are a wonderful way to show someone you appreciate them. Who wouldn't love a free meal delivered from their favorite fast casual restaurant?

Guy & Gallard gift cards are available for purchase online, and are redeemable at any one of our online stores. To order one, simply visit the online store of your choice and make the purchase. It couldn't be simpler.

© Guy and Gallard • All Rights Reserved

3/19/2014 12:55 PM